WILLIAM SIMMONS, AYERS S. WEBSTER and JAMES D. CARTER, constituting the Board of Directors of the Street and Sewer Department for the City of Wilmington *vs.* MICHAEL CONNELL, Clerk of the Market for the City of Wilmington.

*Case Stated—City of Wilmington—Street and Sewer Department— Certain Fees and Charges; to Whom Payable— Statutes and Ordinances.*

Under the statutes of the State and the ordinances of the City of Wilmington, adopted in pursuance thereof, the Mayor and Council of Wilmington, and not the Board of Directors of the Street and Sewer Department, are entitled to have, receive and dispose of the fees and charges collected from farmers, traders, dealers and hucksters using the street markets in said city. The said The Mayor and Council of Wilmington are also entitled to receive the taxes on electric light poles in said city, and the rents collected from lessees of wharves along the river front at the end of streets owned by said city.

*(September 27, 1900.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Anthony Higgins* and *Herbert H. Ward* for plaintiffs.

*Robert G. Harman* for defendant.

Superior Court, New Castle County, September Term, 1900.

ACTION ON THE CASE (No. 219, May Term, 1900). This was a CASE STATED, the point at issue being, whether the Board of Directors of the Street and Sewer Department were entitled to have, receive and dispose of the fees and charges collected from farmers, traders, dealers and hucksters using the street markets in said city, or whether such fees and charges ought to be paid over to the Mayor snd Council of Wilmington for the general fund and uses of said city. There was also a second suit brought by the same plaintiffs against Isaac C. Pyle, City Auditor for the City of

Wilmington, being No. 221 to the May Term, 1900, which was a case stated in which the same issue was raised concerning the taxes on electric light poles in the said City of Wilmington; also a third suit brought by the same plaintiffs against the said Auditor of the City of Wilmington, being number 220, May Term, 1900, being also a case stated in which the same issue was raised in regard to the rents collected from lessees of wharves along the river front at the ends of streets owned by the said City of Wilmington.

The issues of law involved in all of the above stated cases, although applied to different subject matter in each suit, were so nearly identical that for convenience they were discussed together.

After a very full presentation and discussion by counsel of the various statutes and ordinances bearing on the questions involved in the case, the Court, believing there were good reasons why a determination of the matter in issue should be had without delay, rendered its decision at the close of the argument, without delivering an opinion. Judgment was rendered in favor of the defendant in each case.